CHAD E. NYDEGGER, (BAR #9964); Email: cnydegger@wnlaw.com
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone:    (801) 533-9800
Facsimile:    (801) 328-1707
*Attorneys for Plaintiff Orca Health, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ORCA HEALTH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>3D4MEDICAL LIMITED, an Irish corporation, 3D4MEDICAL INC., a Delaware corporation, and JARED HUISH, individually,<br><br>Defendants. | Civil Action No. 2:17-cv-00005-PMW<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT, AND MISAPPROPRIATION OF TRADE SECRETS**<br><br>Judge Paul M. Warner<br><br>**Demand for Jury Trial** |

Plaintiff Orca Health, Inc. alleges claims against defendants 3D4Medical Limited, 3D4Medical, Inc. and Jared Huish as follows:

### THE PARTIES

1.    Orca Health, Inc. ("Orca Health") is a Delaware corporation with a principle place of business located at 126 West Sego Lily Drive Suite 195, Sandy, Utah 84070.

2.    On information and belief, Defendant 3D4Medical Limited is an Irish company corporation with a principal place of business located at 1st Floor the Grange, Stillorgan Road, Blackrock, Co. Dublin.

3.     On information and belief, Defendant 3D4Medical, Inc. is a Delaware corporation with a principal place of business located at 445 Marine View Avenue, Suite 110, Del Mar, California 92914. Defendants Defendant 3D4Medical Limited and 3D4Medical, Inc. are collectively referred to herein as "3D4Medical."

4.     On information and belief, Defendant Jared Huish ("Huish"), a person, has a principle place of residence located at 3827 South Knudsen Street, Salt Lake City, Utah 84109.

## JURISDICTION

5.     This is a civil action (the "Action") for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, for misappropriation of trade secrets under the Defense of Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*, for misappropriation of trade secrets under Utah Code 13-24, and for breach of contract.

6.     This Court has subject matter jurisdiction over the claims for patent infringement and misappropriation of trade secrets founded upon 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b).  This Court has supplemental subject matter jurisdiction over the claims for misappropriation of trade secrets under Utah law and for breach of contract because these claims arise from the same operative facts giving rise to Plaintiff's claims under the Defense of Trade Secrets Act.

7.     Defendant 3D4Medical is subject to personal jurisdiction in this Court because it markets and conducts sales of its infringing product(s) within the jurisdiction, and, on information and belief, had continual and systematic contact with the State of Utah through its hiring of Jared Huish, a Utah resident.

8.     Defendant Jared Huish is subject to personal jurisdiction in this Court because he is, on information and belief, a resident of the State of Utah, and was a resident of the State of Utah during the times associated with the Counts within this Complaint, and the Confidentiality Agreement between Huish and Plaintiff was executed within this jurisdiction.

## VENUE

9.     In light of the matters set forth in paragraphs 1 through 5, inclusive, above, venue of this Action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND AND FACTUAL ALLEGATIONS

### Infringement of Orca Health's Patents

10.     Orca Health is a leading innovator and manufacture of software and systems to visualize, manipulate, annotate, and provide educational interfaces for anatomical models.  Orca Health has spent considerable time and resources to protect its intellectual property rights for its innovative software and systems and systems.

11.     The fruits of Orca Health's expenditures of resources to protect its intellectual property are a number of issued and pending United States patents.

12.     For example, on December 9, 2014, the U.S. Patent and Trademark Office duly issued United States Patent No. 8,908,943 titled "Personalized Anatomical Diagnostics and Simulations" (the "'943 patent"), which Orca Health, Inc. owns by assignment.  A copy of the '943 patent is attached hereto as **Exhibit A**.

13.     On information and belief, 3D4Medical, Inc. manufactures, uses, imports, exports, offers to sell and/or sells software applications for visualizing, annotating, manipulating, and modifying anatomical elements, including the mobile device apps "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," among several others.  Copies of the 3D4Medical, Inc. and iTunes websites advertising these applications are attached hereto as **Exhibit B**.

14.     3D4Medical's products, including at least the mobile applications "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," infringe at least one claim of the '943 patent. On information and belief, 3D4Medical is aware that its products infringe the claims of the '943 patent, but continues to manufacture, use, import, export, offer to sell and/or sell the infringing mobile applications to willfully infringe the claims of the '943 patent.

15.     On September 23, 2014, the U.S. Patent and Trademark Office duly issued United States Patent No. 8,843,852 titled "Medical Interface, Annotation and Communication System" (the "'852 patent"), which Orca Health, Inc. also owns by assignment.  A copy of the '852 patent is attached hereto as **Exhibit C**.

16.     3D4Medical's products, including at least the mobile applications "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," infringe at least one claim of the '852 patent. On information and belief, 3D4Medical is aware that its products infringe the claims of the '852 patent, but continues to manufacture, use, import, export, offer to sell and/or sell the infringing mobile applications to willfully infringe the claims of the '852 patent.

**Jared Huish Breaches His Contract with Orca Health**

17.     Jared Huish ("Huish"), a former employee of Orca Health, executed an "Employee Invention Assignment and Confidentiality Agreement" during the course of his employment (the "Confidentiality Agreement"). Huish was employed at Orca Health, and the Confidentiality Agreement covered the time between, July 2014 and October 2015. The Confidentiality Agreement is attached hereto as **Exhibit D**.

18.     As part of the Confidentiality Agreement, Huish agreed that:
At all times, both during my employment and after its termination, I will keep and hold all Proprietary Information in strict confidence and trust. I will not use or disclose any Proprietary Information without the prior written consent of the Company in each instance, except as may be necessary to perform my duties as an employee of the Company for the benefit of the Company. Upon termination of my employment with the Company, I will promptly deliver all documents and materials of any nature pertaining to my work with the Company, and I will not take with me or retain in any form any documents or materials or copies containing any Proprietary Information.

19.     Among other things, the Confidentiality Agreement defined Proprietary Information as including "any information or materials of a confidential or secret nature, created or discovered by me or that may be disclosed to me by the Company or a third party in relation to the business of the Company."

20.     Huish left Orca Health in October 2015 to begin employment at 3D4Medical Inc., one of Orca Heath's primary competitors.

21.     Upon learning this information, on April 18, 2016, Orca Health, through its counsel, informed 3D4Medical of Huish's Confidentiality Agreement with Orca Health and of

his ongoing contractual obligations under that agreement. A copy of letter sent to 3D4Medical is attached hereto as **Exhibit E.**

22.     Also on April 18, 2016, Orca Health, through its counsel, informed and reminded Huish of his ongoing obligations under the Confidentiality Agreement and of Orca Health's concern that Huish had already broken several of the provisions of the Confidentiality Agreement. A copy of the letter sent to Huish is attached hereto as **Exhibit F.**

23.     On information and belief, 3D4Medical terminated Huish's employment shortly after receiving Orca Health's letter concerning Huish's contractual obligations to Orca Health.

24.     On information and belief, in August 2016, 3D4Medical began marketing a version of a patient consultation app called "Complete Ortho Pro." The design and flow of Complete Ortho Pro is effectively a copy of Orca Health's consultation app, OrcaMD, which was launched in June 2014, and was known by Huish to be proprietary to Orca Health.

25.     Orca Health expended significant resources researching market demands, patient needs, and other issues over a number of years to develop the OrcaMD app. Orca Health controls distribution of the OrcaMD app, and Orca Health did not allow access to the OrcaMD app. On information and belief, Huish provided 3D4Medical with access to the OrcaMD app, and supplied 3D4Medical with Orca Health's trade secret information used to develop the OrcaMD app.

26.     On information and belief, 3D4Medical used the trade secrets supplied by Huish to create the Complete Ortho Pro app to compete directly with the OrcaMD app without having to expend the resources in market research and years of development that would have been required to create the Complete Ortho Pro app without the use of Orca Health's trade secret information. A comparison of the similarities between OrcaMD and Complete Ortho Pro is provided as **Exhibit G.**

**COUNT I**

**(Infringement of U.S. Patent No. 8,908,943)**

27. Orca Health, Inc. refers to and incorporates herein by reference paragraphs 1 – 14 of this Complaint.

28. 3D4Medcial, by the acts complained herein, and by making, using, selling, offering for sale, importing and/or exporting from the United States products, including at least the mobile application software "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," that embody the invention claimed in the '943 patent, have in the past, do now, and continue to directly infringe, contributorily infringe, and/or induce others to infringe the claims of the '943 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

29. Upon information and belief, 3D4Medical will continue to infringe upon the claims of the '943 patent by making, using, selling, offering for sale, and/or exporting from the United States products, including at least the above listed mobile applications unless this Court enjoins 3D4Medical's infringing activities.

30. Claim 16 of the '943 patent recites:

A computer system method for presenting anatomical information as one or more rendered anatomical elements and for modifying the rendering of the anatomical elements in response to conditional input data, the computer system comprising: a memory; at least one processor; and a storage device having stored instructions which, when executed by the at least one processor, implement a method comprising receiving input corresponding to an anatomical element and that is capable of being used by the computing system to represent the anatomical element; resenting the anatomical element with at least visual feedback; presenting controls for modifying the presentation of the anatomical element, the controls comprising:

a storage device having stored instructions which, when executed by the at least one processor, implement a method comprising:

receiving input corresponding to an anatomical element and that is capable of being used by the computing system to represent the anatomical element; presenting the anatomical element with at least visual feedback;

presenting controls for modifying the presentation of the anatomical element, the controls comprising:

an animation control which, when selected, selectively turns on and off animations of the anatomical element;

an annotations control which, when selected, selectively turns on and off a display of labels associated with different components of the anatomical element;

a slices control displaying at least three selectable options which, when any of the at least three selectable options is selected, causes the anatomical element to be displayed with a corresponding slice view; and

a layers control displaying at least three selectable options which, when any of the at least three selectable options is selected, causes the anatomical element to be displayed with one or more corresponding layers associated with a selected option;

the animation control, the annotations control, the slices control, the layers control and the anatomical element all being displayed simultaneously; and

at least a medical condition control which, when selected, is operable to receive input for personalizing the anatomical element to a detected medical condition associated with the particular user; and modifying the anatomical element in response to detected user input entered with at least the medical condition control.

31.     A complete claim chart cross referencing the elements of Claim 16 with explanation of the infringing aspects of one exemplary infringing product is attached hereto as **Exhibit H**, and is incorporated herein by reference**.**

32.     The functionality of 3D4Medical's "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," software products that infringe the claims of the '943 patent have no substantial non-infringing use because their fundamental purpose, interface, and capabilities are embodied by the issued claims of the '943 patent.

33.     3D4Medical provides its customers with mobile software applications, such as the "Complete Anatomy," "Spine Pro III," and "Essential Skeleton 4," that provide an environment for users to visualize, manipulate, personalize, and modify anatomical elements in a manner that infringes the claims of the '943 patent as exemplified in the screen capture of the "Complete Anatomy" interface below:



34.     By reason of 3D4Medical's infringement of the claims of the '943 patent alleged herein, Orca Health, Inc. has suffered damage in an amount to be proved at trial.

35.     Further, 3D4Medical threatens to continue to infringe the claims of the '943 patent as complained herein unless it is restrained and enjoined, all to Orca Health's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Orca Health adequate relief for such future and continuing infringement, and a multiplicity of judicial proceedings would be required to protect Orca Health's rights in the '943 patent.  Orca Health does not have an adequate remedy at law to compensate it for the injuries threatened.

36.     Thus, Orca Health is entitled to monetary damages adequate to compensate it for 3D4Medical's infringement of the '943 patent under 35 U.S.C. § 284, increased damages under 35 U.S.C. § 284, together with interest, costs, and attorneys' fees under 35 U.S.C. § 285, and is entitled to injunctive relief against such infringement in accordance with 35 U.S.C. § 283.

## COUNT II

### (Infringement of U.S. Patent No. 8,843,852)

37.     Orca Health, Inc. refers to and incorporates herein by reference the foregoing paragraphs 1 – 11, and 15 – 16 of this Complaint.

38.     3D4Medcial, by the acts complained herein, and by making, using, selling, offering for sale, and/or exporting from the United States products, including at least the mobile application "Spine Pro III," that embodies the invention claimed in the '852 patent, have in the past, do now, and continue to directly infringe, contributorily infringe and/or induce others to infringe the claims of the '852 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

39.     Claim 1 of the '852 patent provides coverage for a storage device configured to execute instructions at a computer processor to implement a method for annotating a graphical element, and recites:

> One or more hardware storage devices having stored thereon computer executable instructions that, when executed by one or more processors of a computer system, implement a method for annotating a graphical element, the method comprising:
> displaying one or more graphical elements at a user interface, the one or more graphical elements representing one or more anatomical structures;
> simultaneous to display of the one or more graphical elements, displaying a user-selectable annotation button that, when selected, enables specification one or more points of the one or more graphical elements for annotation;
> receiving user input selecting the annotation button;
> subsequent to receiving the user input selecting the annotation button, receiving user input specifying a particular point of the one or more graphical elements for entry of an annotation;
> subsequent to receiving the user input specifying the particular point of the one or more graphical elements for entry of an annotation, displaying an annotation dialogue that provides selection of a plurality of annotation options for annotating the specified particular point, the annotation dialogue being visually associated with the specified particular point of the one or more graphical elements, the annotation dialogue including:
> > one or more highlighting options for visually emphasizing the specified particular point, including one or more of shapes or colors; and
> > one or more comment input options for providing information relevant to the specified particular point, including one or more of text or audio input;
> receiving user input selecting one or more of the highlighting options and one or more of the comment input options;
> receiving user comment input that provides at least one comment corresponding to the user comment input; and

displaying the one or more graphical elements along with the selected annotation, including the selected highlighting options and the inputted at least one comment.

40.    A complete claim chart cross referencing the elements of Claim 1 with explanation of the infringing aspects of one exemplary infringing product is attached hereto as **Exhibit I.**

41.    The functionality of 3D4Medical's "Spine Pro III" product that infringes the claims of the '852 patent has no substantial non-infringing use because its fundamental purpose, interface, and capabilities are embodied by the issued claims of the '852 patent.

42.    3D4Medical provides its customers with the "Spine Pro III" mobile application that provides an environment for users to display, annotate, highlight, and comment on anatomical structures in a manner that infringes the claims of the '852 patent, as illustrated by the exemplary screen capture of the "Spine Pro III" interface below.



43.     By reason of 3D4Medical's acts of patent infringement alleged herein, Orca Health has suffered damage in an amount to be proved at trial.

44.     Further, 3D4Medical threatens to continue to infringe the claims of the '852 patent as complained herein unless it is restrained and enjoined, all to Orca Health's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Orca Health adequate relief for such future and continuing infringement, and a multiplicity of judicial proceedings would be required to protect Orca Health's rights in the '852 patent.  Orca Health does not have an adequate remedy at law to compensate it for the injuries threatened.

45.     Thus, Orca Health is entitled to monetary damages adequate to compensate it for 3D4Medical's infringement of the '852 patent under 35 U.S.C. § 284, increased damages under 35 U.S.C. § 284, together with interest, costs, and attorneys' fees under 35 U.S.C. § 285, and is entitled to injunctive relief against such infringement in accordance with 35 U.S.C. § 283.

## <u>COUNT III</u>

### (Breach of Contract against Huish)

46.     Orca Health, Inc. refers to and incorporates herein by reference the foregoing paragraphs 1 – 11, and 17 – 26 of this Complaint.

47.     Huish's "Employee Invention Assignment and Confidentiality Agreement" (the "Agreement") is a valid and enforceable contract. The confidentiality covenants and other provisions contained in the Agreement are reasonably necessary to protect legitimate protectable interests in Orca Health's trade secrets and confidential information.

48.     Orca Health has fully performed all of its obligations under the Agreement.

49.     On information and belief, Huish breached the Agreement, including at least provisions 9, 10, 13, and 14 of the Agreement.

50.     For example, on information and belief, Huish breached provision 9 of the Agreement by providing confidential information and trade secrets to 3D4Medical during his employment with 3D4Medical.

51.     On information and belief, Huish breached provision 10 of the Agreement by wiping the contents of an Orca Health owned laptop used in the course of his employment prior to its return to Orca.

52.     On information and belief, Huish breached provision 13 of the Agreement by engaging with former clients, partners, employees, and others in a manner that was intended, and in some cases did, divert business opportunities from Orca Health, directly competed with Orca Health during his employment with 3D4Medical, and otherwise acted contrary to the interests of Orca Health.

53.     On information and belief, Huish breached provision 14 of the Agreement by soliciting employees, clients, and potential clients away from Orca Health either for his own benefit or for the benefit of 3D4Medical.

54.     As a proximate result of Huish's breach of the Agreement, Orca Health has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial.  As a further proximate result of Huish's breach of the Agreement, Orca Health has been irreparably harmed because Orca Health's competitor, 3D4Medical, has been given confidential and proprietary information that gives 3D4Medical a competitive advantage to compete with Orca Health.  It would be difficult to ascertain the amount of compensation that would afford Orca Health adequate relief for this harm, and Orca Health does not have an adequate remedy at law to compensate it for its injuries.  Thus, Orca Health seeks specific performance by Huish under the Agreement and an injunction against future breach of the confidentiality provisions of the Agreement.

## COUNT IV

### (Misappropriation of Trade Secrets against Huish and 3D4Medical, Inc. in Violation of Utah Code 13-24.)

55.     Orca Health, Inc. refers to and incorporates herein by reference the foregoing paragraphs 1 – 11, 17 – 26, and 46 – 54 of this Complaint.

56.     At all relevant times, Orca Health, Inc. was in possession of confidential and trade secret information as defined by the Agreement and Utah Code 13-24-2(2) (Utah Uniform Trade Secrets Act) regarding the structure and function of its software products, market research concerning software needs, and relationships with actual and potential customers and business partners. This proprietary business information of Orca Health constitutes trade secrets because Orca Health derives independent economic value from that information, such information is not generally known nor readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy, such as the confidentiality provisions in the Agreement. Orca Health's confidential and proprietary trade secret information described herein is not and was not generally known to Orca Health's competitors in the industry, including 3D4Medical.

57.     On information and belief, Huish misappropriated Orca Health's trade secrets and confidential without Orca Health's consent in violation of Utah Code 13-24-2(2) by disclosing Orca Health's trade secrets and confidential information to 3D4Medical without the express or implied consent of Orca Health, and in breach of his contractual duty to maintain the confidentiality of such information.

58.     Huish accepted employment at 3D4Medical and served in functions similar to his previous functions at Orca Health, including developing software and systems to visualize, manipulate, annotate, and provide educational interfaces for anatomical models. Thus, Huish could not have avoided disclosing and utilizing Orca Health's secrets and proprietary information in the performance of his employment responsibilities at 3D4Medical.

59.     In December 2014, Huish participated in licensing negotiations with the Mayo Clinic on behalf of Orca Health which were ultimately terminated by Huish shortly before he left to begin employment with 3D4Medical.

60.     On information and belief, Huish specifically misappropriated Orca Health's confidential information derived during the December 2014 Mayo Clinic negotiations on behalf

of 3D4Medical, and took that agreement with the Mayo Clinic to 3D4Medical. 3D4Medical subsequently entered an agreement with the Mayo Clinic that was substantially identical to the agreement Huish declined while negotiating for Orca Health.

61.     On information and belief, Huish specifically misappropriated Orca Health's confidential information associated with Orca Health's OrcaMD product which launched in June 2014. After receiving this information from Huish, 3D4Medical launched their competing patient consultation app "Complete Ortho Pro" which is effectively a copy of OrcaMD in operation and incorporates content received as a result of the Mayo Clinic negotiations and disclosures of confidential information received from Huish.

62.     As a result of Defendants' misappropriation of Orca Health's trade secrets and confidential information, Orca Health has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial.

63.     As a further proximate result of Defendants' misappropriation of Orca Health's trade secrets and confidential information, Orca Health has been irreparably harmed because Orca Health's competitor, 3D4Medical, has been given confidential and proprietary information that gives 3D4Medical a competitive advantage to compete with Orca Health, and 3D4Medical has usurped Orca Health's business opportunity with the Mayo Clinic.  The misappropriation of trade secrets used in the "Complete Ortho Pro" application has also irreparably harmed Orca Health by disrupting Orca Health's potential and actual business relationships. It would be difficult to ascertain the amount of compensation that would afford Orca Health adequate relief for this harm, and Orca Health does not have an adequate remedy at law to compensate it for its injuries.  Thus, Orca Health seeks an injunction precluding 3D4Medical from using Orca Health's trade secrets and confidential information, including any products that were developed using that information. Orca Health also seeks rescission of the agreement between 3D4Medical and the Mayo Clinic.

64.     Upon information and belief, Defendants' misappropriation has been willful and malicious in light of Defendants' knowing conduct, deliberate violation of Huish's contractual

obligations under Agreement, and Defendants' use of Orca Health's trade secrets to compete against Orca Health. Therefore, Plaintiffs are entitled to an award of damages and exemplary damages as authorized in Utah Code 13-24-4, and reasonable attorneys' fees as authorized in Utah Code 13-24-5.

## <u>COUNT V</u>

### (Violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1), against Huish)

65.     Orca Health, Inc. refers to and incorporates herein by reference the foregoing paragraphs 1 – 11, 17 – 26, and 46 – 64 of this Complaint.

66.     The Federal Defend Trade Secrets Act was enacted on May 11, 2016, and is codified as 18 U.S.C. § 1831 *et seq.*

67.     18 U.S.C. § 1839(3) defines a "trade secret" as follows:

> (3) the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

68.     Orca Health's market research, software development, and business negotiations with the Mayo Clinic are trade secrets used or intended for use in interstate commerce, and Orca Health has taken reasonable measures to keep this information secret. The information derives significant independent economic value for Orca Health by remaining secret, and gives a significant competitive advantage over its competitors because it has been able to create software products that meet market demands and the needs of consumers better than competing products.

The information is not readily ascertainable through proper means from another who can obtain economic value from its disclosure or use.

69.     Huish possessed these trade secrets owned by Orca Health after May 11, 2016.

70.     Similarly, as defined by 18 U.S.C. § 1839, on information and belief, Huish misappropriated these trade secrets of Orca Health by disclosing them to 3D4Medcial without "express or implied consent" and as a person who "at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was" "acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret" as prohibited by 18 U.S.C. § 1839(5)(B)(ii)(II).

71.     On information and belief, Huish continued to share Orca Health trade secrets with at least 3D4Medical after May 11, 2016, in violation of the Defending Trade Secrets Act.

72.     As a proximate result of Huish's breach of the Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1), Orca Health has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial.

<u>COUNT VI</u>

**(Violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(2), against 3D4Medical, Inc.)**

73.     Orca Health, Inc. refers to and incorporates herein by reference the foregoing paragraphs 1 – 11, 17 – 26, and 46 – 72 of this Complaint.

74.     On information and belief, Orca Health asserts that 3D4Medical received trade secrets from Huish after May 11, 2016.

75.     Under 18 U.S.C. § 1839(5)(B)(ii)(III), 3D4Medical misappropriated the trade secrets of Orca Health via Huish because 3D4Medical, at the time of disclosure or use, "knew or had reason to know that the knowledge of the trade secret was derived from or through a person who owed a duty to [Orca Health] to maintain the secrecy of the trade secret or limit the use of the trade secret" as prohibited.

76.     That 3D4Medical knew or had reason to know that the knowledge of the trade secrets provided to it by Huish, and that he owed a duty to Orca Health to maintain the secrecy of those trade secrets, is evidenced by the fact that flow and function of 3D4Medical's software products are virtual copies of Orca Health's software products, with only minor changes in the visual presentation of information.

77.     As a proximate result of 3D4Medical's breach of the Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1), Orca Health has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial, but which are substantial and in excess of the minimum jurisdictional amount of this court.

## JURY DEMAND

Plaintiff demands a jury trial on all disputed issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Orca Health, Inc. demands for a judgment in its favor and prays the Court to award the following relief:

A.     A judgment holding 3D4Medical liable for willfully infringing the claims of the '943 and '852 patents;

B.     For an order temporarily, preliminarily and permanently enjoining 3D4Medical, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the claims of the '943 and '852 patents under 35 U.S.C. § 283;

C.     For an order directing 3D4Medical to file with the Court, and serve upon Orca Health's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which 3D4Medical has complied with the injunction;

D.     For an order awarding Orca Health general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with

proof, including enhanced and/or exemplary damages, as appropriate for its acts of patent infringement under 35 U.S.C. § 284;

E.      For an order finding that 3D4Medical's infringement of the claims of the '943 and '852 patents was willful, that this is an exception case, and award Orca Health enhanced damages and its attorneys' fees under 35 U.S.C. § 285;

F.      For an order awarding Orca Health all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

G.      A judgement holding Huish liable for breaching the Agreement;

H.      For an order awarding Orca Health general and/or specific damages breaching the Agreement, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate;

I.      A judgement that Defendants violated the Utah Code 13-24-2 (Utah Uniform Trade Secrets Act) by misappropriating Orca Health's confidential information and trade secrets;

J.      For an order temporarily, preliminarily and permanently enjoining 3D4Medical, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from marketing, selling, or distributing copies or licenses for the "Complete Ortho Pro" application, or of any other application that uses or was developed using Orca Health's trade secret information.

K.      Injunctive relief enjoining all Defendants from using, communicating, or otherwise benefitting from any misappropriated trade secrets until such time that no commercial advantage may be derived from the misappropriation, as authorized by Utah Code 12-24-3;

L.      That Orca Health be awarded compensatory damages it has suffered as a result of the misappropriation of its confidential information and trade secrets as authorized by Utah Code 12-24-4(1);

M.      That Orca Health be awarded statutory exemplary damages for Defendants'

willful and malicious conduct in the misappropriation of Orca Health's trade secrets as

authorized by Utah Code 12-24-4(2);

N.      A judgement that Defendants violated the Federal Defend Trade Secrets Act by

misappropriating Orca Health trade secrets;

O.      An order that Defendants be fined the greater of either $5,000,000 or 3 times the

value of the stolen trade secrets, including expenses for research and design and other costs of

reproducing the trade secret that 3D4Medical has thereby avoided, pursuant to

18 U.S.C. § 1832(a);

P.      That Orca Health be awarded reasonable attorneys' fees and the costs of this

action as permitted by law;

Q.      For an order awarding Orca Health pre-judgment and post-judgment interest; and

R.      Such other and further relief as the Court deems appropriate and just under the

circumstances.


Dated: 01/03/2017                              Respectfully submitted,

                                               WORKMAN NYDEGGER


                                               By:   _/s/Chad E. Nydegger_____

                                               Chad E. Nydegger (Utah Bar #9964)
                                               60 East South Temple, Suite 1000
                                               Salt Lake City, UT  84111
                                               (801) 533-9800

                                               *Attorneys for Plaintiff Orca Health, Inc.*